UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW JAMES SHEPHERD

    Plaintiff,

v.             Case No. 3:23-cv-613-MMH-MCR

ROBERT A. HARDWICK, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

  Plaintiff Andrew James Shepherd, a pretrial detainee at the St. Johns County Jail, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He moves to proceed in forma pauperis. Doc. 2. Shepherd names seven Defendants – Sheriff Robert A. Hardwick; St. Johns County; the State of Florida; Detective Alan Daniels; Assistant State Attorney Racheal Demers; Assistant Public Defender James W. Hubbard; and State Circuit Court Judge R. Lee Smith. Doc. 1 at 2-3, 13.

  Although his Complaint is not a model of clarity, Shepherd alleges that in June 2021, Defendant Daniels illegally arrested him using a "false warrant"; Defendant Demers filed an Information charging Shepherd, without probable cause, with three "add-on" charges of lewd and lascivious acts; and Shepherd's former attorney, Defendant Hubbard, "used trickery and lies to help the state

attorney convict" Shepherd. Doc. 1 at 14. He also asserts that in July 2022, officers illegally arrested him for violating his probation; and in August 2022, Defendant Hardwick "illegally signed a warrant" and arrested Shepherd for another offense allegedly committed on July 9, 2022. Id. at 5-6.

Shepherd contends that Defendant Smith "on multiple occasions let the law be broken" by "allowing the sheriff to illegally apprehend [Shepherd] and [allowing] the state to illegally file an information on [him] . . . ." Id. at 14. And he sues St. Johns County and the State of Florida for allowing officers and state attorneys to falsely imprison him and falsely accuse him of crimes without probable cause. Id. at 15. As relief, Shepherd seeks punitive damages and injunctive relief. Id. at 6, 15.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017)[1] (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Shepherd's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Liberally construing Shepherd's allegations, he appears to raise claims of false arrest or malicious prosecution under the Fourth Amendment. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing Wallace v. Kato, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."); see also Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest.").

On the other hand, "[u]nder Eleventh Circuit precedent, the issuance of a warrant constitutes legal process, and so a plaintiff who claims false arrest pursuant to a warrant is making a claim of malicious prosecution rather than false arrest." Giles v. Manser, 757 F. App'x 891, 895 (11th Cir. 2018). A claim

4

for malicious prosecution accrues when a seizure happens "pursuant to legal process" and requires a plaintiff to allege officers "instituted or continued a criminal prosecution against him, with malice and without probable cause, that terminated in his favor and caused damage to him." Williams, 965 F.3d at 1157 (internal quotation marks omitted).

In his Complaint, Shepherd references two state criminal cases, both pending in the Seventh Judicial Circuit of Florida – State v. Shephard, Nos. 21-977CF and 22-1432CF (Fla. 7th Cir. Ct). Doc. 1 at 16. A review of Shepherd's state court docket in No. 21-977CF shows that on June 20, 2021, Defendant Daniels arrested Shepherd and issued an arrest report stating he had probable cause to believe Shepherd violated the law by engaging in acts of lewd and lascivious behavior.[2] See Shepherd, No. 21-977CF. The state then filed an Information charging Shepherd with two counts of lewd and lascivious exhibition. Id. On January 6, 2022, Shepherd, with help from his appointed counsel, Defendant Hubbard, entered a negotiated plea of no contest to two counts of child neglect and the trial court, in accordance with that negotiated disposition, sentenced Shepherd to a three-year term of probation. Id. On July

---

[2] The Court takes judicial notice of Shepherd's state court dockets. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

5

19, 2022, officers arrested Shepherd, pursuant to an arrest warrant signed by Defendant Smith, for violating the terms of his probation. Doc. 1 at 35; Shepherd, No. 21-977CF. The state is pursuing violation of probation charges against Shepherd in that case. Shepherd, No. 21-977CF

A review of the docket in No. 22-1432CF shows that on August 22, 2022, Defendant Demers, on behalf of the state, filed an Information charging Shepherd with one count of lewd or lascivious molestation for acts that occurred on or between July 6, 2022 and July 9, 2022. Shepherd, No. 22-1432CF. Accompanying the filing of that Information was Defendant Daniels's probable cause affidavit supporting Shepherd's arrest and charge for the offense. Id. The criminal prosecution in that case is still pending. See id.

To the extent that Shepherd seeks to pursue a false arrest claim against Defendants for any arrest made without a warrant, Shepherd fails to show that Defendants lacked probable cause to detain him. To the extent that Shepherd seeks to pursue a malicious prosecution claim against Defendants for any arrest made pursuant to a warrant or the criminal prosecutions in Nos. 21-997CF and 22-1432CF, Shepherd has not alleged that those criminal cases have terminated in his favor. Thus, he has failed to state a plausible Fourth Amendment claim against Defendants.

Also, even if Shepherd alleges a plausible claim for relief, he may not pursue a § 1983 action against Defendants Demers, Hubbard, Smith, and the

6

State of Florida. In representing a client, a public defender does not act "under color of state law within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 321, 325 (1981). And judges and prosecutors enjoy absolute immunity from suit for actions taken in their official capacities. See Dykes v. Hosemann, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam) ("[A] judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability."); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). Likewise, the State of Florida is not a "person" within the meaning of § 1983, and thus is not a proper defendant. See VanBenthuysen v. Fla., 427 F. App'x 864, 866 (11th Cir. 2011).

Finally, to attribute liability to St. Johns County, Shepherd must allege that St. Johns County had an official policy or custom that was "the moving force of the constitutional violation." Vineyard v. Cnty. of Murray, Ga., 990 F.2d 1207, 1211 (1993) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). Here, Shepherd neither alleges an underlying constitutional violation, nor does he allege that St. Johns County has an official policy, custom, or procedure that led to a constitutional violation. Thus, Shepherd fails to state a claim upon which relief may be granted, and this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of June, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7

C:   Andrew James Shepherd, #1700186713

8